**Charles MORRIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15814.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 28, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following jury trial movant was convicted of murder in the second degree and sentenced to fifty years' imprisonment. The sentence and conviction were affirmed. *State v. Morris*, 662 S.W.2d 884 (Mo.App. 1983).

Thereafter, movant filed a motion under Rule 27.26, seeking to set aside the conviction. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals. This appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 29.15(m).

In reviewing the trial court's decision this court is limited to determining whether the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j). These findings are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

Movant contends that the trial court erred in denying his motion because he was denied his right to effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution and article 1, § 18(a) of the Missouri Constitution. He states that his counsel failed to impeach a witness for the state, John Ettleman, with "multiple" inconsistencies in his trial testimony, preliminary hearing testimony, and deposition testimony.

Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Generally, the extent of cross-examination and the subjects to be covered are left to the judgment of counsel. *Atkins v. State*, 741 S.W. 2d 729, 731 (Mo.App.1987). "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

Movant contends that Ettleman gave inconsistent testimony regarding his ability to observe movant and the victim at the time of the shooting which led to the criminal charges against movant. Movant says that Ettleman should have been cross-examined regarding his earlier statements that blood in his eyes prevented him from seeing and that he gave "inconsistent testimony when he testified that the stereo ... was so loud that Ettleman could barely distinguish the shots being fired, yet was able to testify at length as to conversations that occurred among the various assailants during the course of the shooting."

Counter for movant at the criminal trial cross-examined the witness regarding the blood being in his eyes. Counsel should

not be second guessed for not cross-examining exactly as movant contends he should have. If cross-examination had been made as movant now suggests, it is not clear that the witness' testimony would have been seriously harmed. The attorney had to use his judgment and we cannot say that his judgment was flawed.

The record indicates that the participants to the conversation were able to hear so it is not unusual that the witness could hear them. Apparently the participants were able to make themselves heard over the sound from the stereo. There was little if anything that the attorney could have done with this aspect of Ettleman's testimony that might not have emphasized or fortified the testimony.

An examination of the record both at the hearing on movant's motion and of the criminal trial reveals that movant did not receive ineffective assistance of counsel and that had counsel proceeded as movant now suggests, there is no showing that the result would probably have been different. The trial court's finding that movant received effective assistance of counsel was not clearly erroneous.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.