**Wilbur LYNCH, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16124.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 4, 1989.

Gregory C. Wells, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty to assault in the second degree and was sentenced to seven years' imprisonment. Thereafter he filed a motion under Rule 27.26 seeking to vacate the conviction. Following an evidentiary hearing the trial judge made findings of fact and conclusions of law and entered judgment denying the motion. Movant appeals.[1]

Movant contends that the trial court's judgment was erroneous because he was denied effective assistance of counsel before entering the plea in violation of the sixth and fourteenth amendments to the United States Constitution and article I, § 18(a) of the Missouri Constitution. Movant states that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise by not requesting prior medical records relating to movant's mental status and failing to request a second psychiatric evaluation of him. Movant contends that failure to take these steps "prejudiced" his defense of mental disease or defect excluding responsibility and rendered his guilty plea involuntary.

After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State*, 768 S.W.2d 160, 162 (Mo.App. 1989). Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). In reviewing the trial court's decision this court is limited to determining whether the findings, conclusions, and judgment were clearly erroneous. Rule 27.26(j). Such findings are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Morris v. State*, 765 S.W.2d 724, 725 (Mo.App.1989).

The evidence on the motion consisted of movant's and his previous attorney's testimony. There was no evidence that movant suffered from any mental disease or defect at the time of his plea which would have affected his ability to voluntarily make the plea. Movant did not establish that had his attorney proceeded as movant now claims she should have, that there would have been any change in his decision to plead guilty. Nor was it shown that movant was not competent to make the plea.

The trial court properly determined that movant did not sustain the burden of proof

1. Although Rule 27.26 was repealed effective January 1, 1988, this proceeding continues to be governed by that Rule as sentence was pro-nounced prior to January 1, 1988, and movant's motion was pending prior to that date. Rule 24.035(*l*).

placed upon him. The trial court's findings and conclusions were not clearly erroneous.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.