Alphonso Lee MAY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 51206.

Missouri Court of Appeals,
Western District.

March 19, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30; 1996.

Application to Transfer Denied.
May 28, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Elizabeth L. Ziegler, Sp. Assistant Attorney General, Jefferson City, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

ELLIS, Presiding Judge.

Alphonso Lee May was charged with distribution of a controlled substance (§ 195.211)[1]. On March 5, 1993, pursuant to plea negotiations, May appeared before the Circuit Court of Clinton County and entered a plea of guilty to the charge. A hearing was held and the court determined May was making the guilty plea voluntarily, intelligently, and with a full understanding of the charge and consequence of his plea. Furthermore, the court found May understood his rights attending a jury trial and the effect of his guilty plea on those rights. Thereafter, May

1. All statutory references are to RSMo 1994.

was sentenced to ten years imprisonment. However, pursuant to the plea arrangement, execution of the sentence was suspended and May was placed on five years probation. Subsequently, May violated the terms of his probation and on December 9, 1994 appeared before the Circuit Court of Clinton County. The court revoked May's probation and ordered execution of his prison sentence. May timely filed a *pro se* Rule 24.035 motion for post-conviction relief. After appointment of counsel, a timely amended motion was filed alleging, *inter alia,* that May received ineffective assistance of counsel in that his trial counsel failed to investigate the state's main witness and additionally, that his trial counsel had previously represented the same witness, thereby causing a conflict of interest which adversely affected her representation of May. On June 9, 1995, the motion court denied May's motion without an evidentiary hearing. May now appeals.

■ This court's review of a denial of a Rule 24.035 motion is limited to a determination whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, this court is left "with the definite and firm impression that a mistake has been made." *Day,* 770 S.W.2d at 695–96 (citing *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987)).

In his 24.035 motion, May alleged his trial counsel was ineffective for the following reasons: [2]

> Movant contends that counsel failed to investigate the character and past criminal history of the State's informant, Eric Clymore. Movant contends that had such an investigation been conducted, it would have uncovered that the informant was a known drug user and fence who was on probation at the time he assisted law enforcement in its case against movant. Movant was prejudiced in that the above is impeachment evidence which would have been available at the time of trial. Movant contends that

> but for counsel's failure, there is a reasonable probability he would not have pled guilty and insisted on going to trial.

> Movant contends that a conflict of interest rendered counsel's assistance ineffective. Before counsel was assigned movant's case, counsel represented the state's informant, Eric Clymore, in a criminal matter. Movant contends that this conflict of interest adversely affected counsel's performance and prejudice movant.

May contends these factual allegations, if proven true, would merit relief. However, the motion court denied his Rule 24.035 motion without an evidentiary hearing.

The issue before us is whether the motion court erred in denying May's Rule 24.035 motion without an evidentiary hearing. The motion court found the record conclusively refuted May's allegations. In particular, the motion court relied on the sentencing proceeding transcript wherein May testified he was satisfied with his trial counsel's performance as follows:

Q: (By the court) You have been represented by Miss Spencer in this case?

A: (By Defendant) Yes, sir.

Q: Has she done everything you've asked her to do?

A: Yes, sir.

Q: Including attempting to get that expert testimony on the voice analysis?

A: Yes.

Q: Is there anything she hasn't done that you wished she would do?

A: No, sir.

Q: Are you satisfied with everything she's done for you?

A: Yes, sir, I am.

Q: Have any complaints about anything she's done?

A: No, sir.

Q: Do you feel like you've had an adequate opportunity to talk to her about this case and also have her explain to you the effect of having a plea of guilty to the charge?

---

**2.** May alleged numerous other grounds for post-conviction relief; however, only the two quoted allegations have been raised as issues on appeal.

A: Yes, sir.

Q: Given all the things we've gone over now do you feel like you need additional time to talk to her before we go on?

A: No, sir.

Q: Now, you understand that if the Court accepts this plea agreement you would receive a 10–year sentence and be placed on probation for five years with several conditions, and you'd have to live up to those conditions?

A: I would, sir.

The motion court also relied on May's additional testimony, heard at the probation revocation proceeding, wherein May again stated his satisfaction with his trial counsel's performance.

Q: Now at the time that you originally pled guilty, did you feel like you had an adequate opportunity to talk to your attorney about this case?

A: Yes, sir.

Q: Do you feel like she had done everything you had asked her to do?

A: Yes, sir.

Q: Do you have any complaints about anything Mona did previously on your case?

A: No, sir.

Q: Now as far as Mr. Goucher, do you feel like he done everything you asked him to do?

A: Yes, sir.

Q: Do you have any complaints about anything he did?

A: No, sir.

Q: Now regarding either one of your attorneys, is there anything you want the Court to consider about what they did or didn't do before the Court makes a determination of whether or not there is any probable cause to believe you received ineffective assistance of counsel; anything at all?

A: It don't make no difference.

Q: All right. Do you believe they did provide you assistance?

A: Yes, sir.

Q: Do you have any complaints about anything they did at all?

A: No.

May contends the motion court improperly relied on the statements he made at the sentencing and probation revocation hearings when denying his Rule 24.035 motion without an evidentiary hearing.

■ May is entitled to an evidentiary hearing if he: (1) alleged facts, not conclusions, which, if true, would warrant relief; (2) the allegations raised matters not refuted by the record; and (3) he was prejudiced by the alleged errors. *Hampton v. State*, 877 S.W.2d 250, 252 (Mo.App.1994). At issue in the case at bar is whether May's allegations that his trial counsel was ineffective were refuted by the record as concluded by the motion court, thereby precluding an evidentiary hearing on the motion.

The most recent pronouncement on this subject by our Supreme Court is *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995). In *Driver*, the defendant (Patrice Driver) was convicted after a jury trial of assault in the second degree (§ 565.060) and leaving the scene of a motor vehicle accident (§ 577.060). She was sentenced to terms of two years and one year, respectively. Following sentencing, Driver filed a Rule 29.15 motion for post-conviction relief alleging her trial counsel was ineffective for failing to thoroughly investigate and present evidence of her medical condition that would have "explained her behavior" following a motor vehicle accident in which she was involved. The motion court denied the motion without an evidentiary hearing, finding that the allegation was "refuted by the record of the transcript of the sentencing proceeding." *Id.* at 54.

At the time of Driver's sentencing, the trial court had conducted a Rule 29.07(b)(4) examination to determine whether she had received effective assistance of counsel. At that hearing, the following colloquy between the trial judge and Driver occurred:

Q: At this time I want to ask you if you have any complaints against your attorney, the Public Defender's office in this case?

A: No, sir.

Q: You think they did you a good job?

A: Yes, I do.

Q: Did they do anything that you didn't want them to do?

A: No.

Q: Did they do everything you wanted them to do?

A: Yes, sir.

*Id.* It was upon this record that the motion court determined that her allegation of ineffective assistance of counsel was refuted.

On appeal, the Supreme Court reversed the judgment and remanded for an evidentiary hearing. The Court found that the foregoing record "did not conclusively refute the allegation of ineffective assistance of counsel contained in her Rule 29.15 motion." *Id.* at 55. The Court held:

> To preclude an evidentiary hearing ... the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion. Responses to questions such as whether the trial attorney did everything that the defendant wanted him to do, or, conversely, did not do anything that the defendant did not want him to do, are too broad to refute conclusively an ineffectiveness claim such as the one alleged by Driver so that the motion court may deny the Rule 29.15 motion without an evidentiary hearing.

*Id.* at 55–56. Nevertheless, the Court did state that "[c]ertain factual statements elicited by the defendant in the sentencing proceeding may ... preclude certain ineffective assistance of counsel claims." *Id.* at 55. And, the Court further noted that the "thoroughness of the questioning conducted in most guilty plea proceedings," *id.* at 56, permits significant numbers of Rule 24.035 motions to be appropriately overruled without an evidentiary hearing "because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion." *Id.*

■ The case at bar falls squarely within the latter situations referred to by the court.

First, it is a Rule 24.035 proceeding and the examination of May was more thorough than that conducted in *Driver*. A comparison of the questions asked of May, and his responses, *supra*, to those in *Driver*, reveals a far lengthier, more detailed and more specific interrogation. Here, the guilty plea court specifically asked about May's satisfaction with counsel's attempts to get expert testimony on voice analysis. The court asked about any complaints that May might have about the performance of counsel. And many of the same or similar questions were again posed at his probation revocation hearing, in particular the following question:

> Now regarding either one of your attorneys, is there anything you want the Court to consider about what they did or didn't do before the Court makes a determination of whether or not there is any probable cause to believe you received ineffective assistance of counsel; anything at all?

Thus, while the sentencing court did not specifically inquire of May about whether counsel investigated the "character and past criminal history of ... Eric Clymore," or whether counsel had a conflict of interest, it gave May numerous opportunities to express dissatisfaction with the performance of counsel, and otherwise made a sufficiently thorough and specific examination, as to conclusively refute his Rule 24.035 allegation. Therefore, we conclude that the court did not err in denying May's motion without an evidentiary hearing.

■ While reaching this decision on the particular facts of this case, we encourage courts conducting (a) hearings pursuant to Rule 24.02(c) to insure the voluntariness of a plea of guilty and (b) Rule 29.07(b)(4) examinations to ask the following questions, all of which were spelled out in Judge Limbaugh's dissenting opinion in *Driver*:

> Did your lawyers investigate the case to your satisfaction?;
>
> Did your lawyers talk to the witnesses that you told them about?;
>
> Did your lawyers answer the questions you asked of them?

*Driver*, 912 S.W.2d at 57 (dissenting opinion). Based on the *Driver* majority's language evi-

dencing approval of, and satisfaction with, the "thoroughness of the questioning in most guilty plea proceedings," *id.* at 56, and the majority's expressed view that "[c]ertain factual statements elicited by the defendant in the sentencing proceeding may ... preclude certain ineffective assistance of counsel claims," *id.* at 55, if these questions were asked and answered affirmatively, they would in a large majority of cases conclusively refute allegations of ineffective assistance based on alleged failure to investigate and/or interview.

For the reasons stated, the judgment of the motion court is affirmed.

All concur.