**Ashley SUMMERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20689.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 5, 1996.

Gary E. Brotherton, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Ashley Summers (movant) appeals an order dismissing his Rule 24.035 motion without an evidentiary hearing. He contends his motion alleges inaction by his trial counsel that constitutes ineffective assistance of counsel; that the allegations were not refuted by the record of his guilty plea hearing. This court affirms.

Movant was charged with assault in the first degree, § 565.050,[1] (Count I) and armed criminal action, § 571.015 (Count II). He pleaded guilty to Count I, pursuant to a negotiated plea agreement, and was sentenced to confinement for a term of 15 years. Count II was dismissed.

---

1. References to statutes are to RSMo 1994.

Following incarceration, movant filed the Rule 24.035 motion that is the subject of this appeal. Counsel was appointed and an amended motion filed. Movant's amended motion included the allegation that the attorney who represented him in his criminal case did not file a motion to suppress a statement movant made to law enforcement officers after his arrest; that this amounted to ineffective assistance of counsel. He alleged the statement was coerced because law enforcement officers deprived him of pain medication he was taking following knee surgery; that he signed a statement in which he confessed to involvement in inflicting injuries on the victim because he was promised "he could get his medicine as soon as he signed the statement."

█ In order for movant's ineffective assistance of counsel claim to succeed, he must show his plea of guilty was rendered involuntary by the inaction of the attorney who represented him in his criminal case. *Lynch v. State,* 777 S.W.2d 673, 674 (Mo.App.1989). His claim of ineffective assistance of counsel is immaterial except to the extent it impinges on the voluntariness and knowledge with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992).

█ Movant is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel only if he pleaded facts which, if true, would entitle him to relief; his allegations are not refuted by the record from his criminal case; and the matters about which he complains were prejudicial to him. *Hatchett v. State,* 909 S.W.2d 748, 750 (Mo. App.1995). The issue in this appeal is whether the facts movant alleged were refuted by the record in his criminal case. Movant claims the motion court erred in finding that they were.

At the commencement of the guilty plea proceeding in movant's criminal case, the trial court stated that movant's attorney advised the court that movant wished to plead guilty to Count I, the charge of assault in the first degree. Movant was asked if that was correct. He answered, "Yes, sir." The range of punishment was explained and movant acknowledged he understood it. He was asked if he understood that if his plea of

guilty was accepted, he would be giving up all constitutional rights relating to trial. Movant responded, "Yes, sir."

Movant was then asked about the representation he received in the criminal case. His attorney in the criminal case, Mr. Reynolds, was identified. The trial court asked the following questions and movant, identified in the guilty plea transcript as "defendant," gave the following answers:

THE COURT: Are you completely satisfied with the services that Mr. Reynolds has provided you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had ample opportunity to discuss your case with him?

THE DEFENDANT: Yes, sir.

THE COURT: Has Mr. Reynolds done all of the things that you've asked him to do?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything that you might have wanted him to do that he refused to do?

THE DEFENDANT: No, sir.

THE COURT: Are you completely satisfied with the legal representation that has been provided you?

THE DEFENDANT: Yes, sir.

The trial court then discussed a pre-trial mental examination report that had been completed at movant's request and inquired if, based on the conclusion and content of the report, movant was abandoning any defense related to mental disease or defect. Movant and his attorney responded that he was.

The trial court next inquired if the guilty plea was the product of a plea bargain. The prosecuting attorney told the trial court it was and explained the agreement. It included that the state would recommend a 15–year sentence, but that movant's attorney "would have an opportunity to make some argument if he decided to do so."

Movant stated he understood the recommendation the prosecuting attorney was making. The trial court again summarized the agreement and movant acknowledged that the trial court's understanding of the

agreement was correct. The trial court asked defendant if he was asking for the agreement to be accepted. Movant answered, "Yes, sir." The dialogue between the court and movant continued:

THE COURT: Has anybody forced you or threatened you or promised you anything to make you plead guilty here today, sir?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty of your own freewill?

THE DEFENDANT: Yes, sir.

THE COURT: And are you pleading guilty because it is in fact true that you are guilty of this crime which of [sic] the charge of assault in the first degree?

THE DEFENDANT: Yes, sir.

The trial court accepted movant's plea of guilty finding that it was "entered freely and voluntarily and with a full understanding of the rights and of the consequences of that plea." Movant waived a presentence investigation and his trial attorney was permitted to present an argument in favor of a lesser sentence than that recommended by the state. The trial court then granted allocution and imposed sentence.

Following sentencing, the trial court conducted further inquiry of movant as required by Rule 29.07(b)(4). After informing movant of his rights to seek post-conviction relief pursuant to Rule 24.035, the trial court again inquired about movant's representation, asking the following questions and getting the following answers:

Q. Your attorney has been Mr. Jim Reynolds; is that correct?

A. Yes.

Q. And have you had ample opportunity to discuss your case with Mr. Reynolds before you came in to [sic] court today and pled guilty before me?

A. Yes, sir.

Q. Did Mr. Reynolds do everything that you asked him to do?

A. Yes.

Q. Is there anything you might have wanted him to do that he didn't do?

A. No.

Q. Other than the plea-agreement, did Mr. Reynolds, or for that matter, did anybody communicate any threats or promises to you [sic] make you plead guilty here today?

A. No.

Based upon the examination, the trial court found that there was no probable cause to believe movant received ineffective assistance of counsel.

Movant contends the responses he gave to the questions asked at his guilty plea hearing were not sufficiently specific to refute the allegation of ineffective assistance of counsel he made in his Rule 24.035 motion. He cites *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), for the proposition that an inquiry pursuant to Rule 29.07, "if sufficiently specific to conclusively refute a subsequent allegation, may be used to deny a hearing."

*Driver* addresses Rule 29.07(b)(4). Rule 29.07(b)(4) prescribes procedures for trial courts to follow after they impose sentences in criminal cases. It states, in pertinent part:

If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.

*Driver* was a consolidated appeal, a direct appeal of a criminal case in which Ms. Driver was convicted of assault in the second degree in violation of § 565.060 and leaving the scene of a motor vehicle accident in violation of § 577.060, and an appeal from the denial of a Rule 29.15 motion. The Rule 29.15 motion was denied without an evidentiary hearing. The contested issue in the Rule 29.15 motion was whether Ms. Driver's trial counsel was ineffective because he failed to investigate the effects a concussion she suffered in the accident and the effects a long-

term illness with which she was afflicted, Meniere's disease, had on her actions after the accident.

Ms. Driver alleged that the concussion affected her ability to think after the accident and the Meniere's disease affected her ability to walk; that this evidence should have been adduced. She postulated that had it been, she would have been acquitted. She alleged that she provided her trial attorney with the name of the treating physician who attended her after the accident and with information about Meniere's disease. Ms. Driver contended her trial attorney failed to conduct a thorough investigation of these circumstances; that medical experts should have been called in her defense, but were not.

In denying the Rule 29.15 motion without an evidentiary hearing, the motion court found that the issue Ms. Driver raised "was 'refuted by the record of the transcript of the sentencing proceeding.'" 912 S.W.2d at 54. The opinion in *Driver* relates the questions asked in the sentencing proceeding relative to Ms. Driver's satisfaction with counsel, the Rule 29.07 inquiry. Four questions were asked. The sentencing judge inquired if she had any complaints about the Public Defender's office; if she thought they did a good job; whether they did anything she did not want them to do; and whether they did everything she wanted done. All answers were favorable to the job done by the Public Defender's office.

*Driver* held with respect to a Rule 29.15 motion, "To preclude an evidentiary hearing, ..., the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion." *Id.* at 55.

In discussing the brevity of the inquiry at Ms. Driver's sentencing, the court contrasted the lack of thoroughness with what occurs at most guilty plea proceedings saying:

As a consequence of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion. *Id.* at 56.

In this case the inquiry at the guilty plea hearing was considerably longer than the proceeding relied on by the trial court in *Driver.* Furthermore, in *Driver* the subject of the Rule 29.15 motion was failure to investigate a matter that could have been used as a defense in the trial of the criminal offenses. The record did not reflect any action by Ms. Driver's trial counsel relative to investigating the information the attorney received concerning the client's injuries—information that Ms. Driver claimed would have explained her conduct after the automobile mishap that gave rise to her criminal charges and provided her a defense.

Movant complained in his Rule 24.035 motion that his trial attorney did not file a motion to suppress a statement he gave law enforcement officers after his arrest. His *pro se* motion asserted that he asked his lawyer "to file a Motion to Suppress this statement," but that to his knowledge no motion was filed. His amended motion alleged ineffective assistance by his trial attorney "in that he did not move to suppress a statement made by movant to law enforcement officers after [movant's] arrest."

During both movant's guilty plea hearing and the Rule 29.07 inquiry following sentencing, movant told the trial court he had ample opportunity to consult with his trial attorney before coming to court and pleading guilty. Movant likewise told the trial court, both during the guilty plea hearing and the Rule 29.07 inquiry, that his trial attorney had done everything he was asked to do and there was nothing movant "might have" wanted his trial attorney to do that the attorney did not do.

The circumstances of this case are more akin to *May v. State*, 921 S.W.2d 85 (Mo.App. 1996), than to *Driver.* In both this case and *May* there were guilty pleas based on negotiated plea agreements. Both pleas were determined by the trial courts taking those pleas to have been entered voluntarily, intelligently and knowingly. Extensive examination of the defendants in the criminal cases

occurred before pleas of guilty were accepted. Both cases were Rule 24.035 proceedings in which the effectiveness of trial counsel was challenged.

*May* concluded that the movant in that case had numerous opportunities to express dissatisfaction with his trial counsel; that, although specific inquiries had not been made at the guilty plea hearing concerning the precise issues raised in the Rule 24.035 motion as deficiencies of trial counsel, the trial court that accepted the plea of guilty "otherwise made a sufficiently thorough and specific examination, as to conclusively refute [the] Rule 24.035 allegation." *Id.* at 88. *May* concluded that "[a] comparison of the questions asked of May, and his responses, ..., to those in *Driver*, reveals a far lengthier, more detailed and more specific interrogation." *Id.* It held that the circumstances fell within what *Driver* described as Rule 24.035 motions that could be properly overruled without evidentiary hearings " 'because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.'" *Id., quoting Driver,* 912 S.W.2d at 56.

Clearly, from his allegations in his *pro se* motion, movant was aware before entering his guilty plea that a motion to suppress his statement could be filed. He told the trial court on two occasions that there was nothing he might have wanted his attorney to do that the attorney refused to do; that he was completely satisfied with the legal representation he received.

The motion court's determination that movant's allegations were refuted by the record from his guilty plea is not clearly erroneous. The order dismissing movant's Rule 24.035 motion is affirmed.

MONTGOMERY, C.J., concurs.

CROW, P.J., concurs in separate opinion filed.

CROW, Presiding Judge, concurring.

I concur in the principal opinion, and write separately only to point out that the existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Hatchett v. State,* 909 S.W.2d 748, 750[7] (Mo.App. S.D.1995); *Gilliland v. State,* 882 S.W.2d 322, 325[6] (Mo.App. S.D.1994); *Farmer v. State,* 758 S.W.2d 156, 157[3] (Mo.App. E.D.1988); *Taylor v. State,* 539 S.W.2d 589, 590 (Mo.App.1976). In *Maxwell v. State,* 459 S.W.2d 388, 392[2] (Mo.1970), the court held:

"The fact that there was an allegedly inadmissible confession in existence which might have been used in evidence against [the accused] is no sufficient reason to vacate the judgment and sentence entered pursuant to a plea of guilty, where the plea was otherwise voluntarily and understandably made."

As demonstrated by the principal opinion, the record amply establishes that Movant's plea of guilty was voluntarily and understandingly made.