**Dorina SALINAS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 24843.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 9, 2003.

Application for Transfer Denied
March 4, 2003.

Marc L. Edmondson, Edmondson Law Firm, P.C., Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

■ Dorina Salinas (movant) appeals a judgment denying a motion for post-conviction relief she filed as permitted by Rule 24.035. The motion court found:

> On July 17, 1998, Movant appeared with counsel and entered pleas of guilty to possession of a controlled substance and conspiracy to commit forgery. Pursuant to negotiated plea, Movant received two (2) five (5) year sentences, running consecutive with suspended execution of sentences. Movant was placed on five (5) years supervised probation. Movant's probation was revoked on June 14, 2000, and the sentences were ordered executed. Movant was delivered to D.O.C. on June 20, 2000. Movant's Post Conviction Relief motion was fled [sic] August 14, 2000, which was timely. An amended motion was filed by counsel on May 18, 2001.[1]

The motion court conducted an evidentiary hearing, after which it denied movant's motion. This court affirms.

■ Movant contends the motion court erred in denying her Rule 24.035 motion "because movant's plea counsel provided ineffective assistance in failing to file a motion to suppress any evidence and statements obtained from movant in that no probalble [sic] cause existed allowing mov-

ant's arrest." Movant's brief states she was arrested for conspiracy to commit forgery based on a report from a sales clerk to police that she had given a check at a K–Mart store that the clerk believed was bad. Movant contends the sales clerk based her assessment on a prior event that involved defendant. Movant was asked the following questions and gave the following answers regarding what occurred after her arrest.

Q. [by movant's attorney] Was there a search conducted of your person at some point in time?

A. Afterwards.

Q. Who did that?

A. Mr. Wrinkle.

Q. And did he also conduct a search of your purse and other personal items?

A. He conducted a search of my purse.

Q. And is that where they located what they believed was methamphetamine?

A. Yes, sir.

■ Movant pleaded guilty to the offenses with which she was charged. "[A]fter a guilty plea, counsel's effectiveness is relevant in a motion for postconviction relief only to the extent it affects the voluntariness of the plea." *Hatchett v. State*, 909 S.W.2d 748, 750 (Mo.App.1995), citing *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991).

1. Movant's record on appeal includes no part of the record in the criminal case to which her Rule 24.035 motion is directed. Movant's brief recites convictions consistent with the trial court's findings. The state's brief does not challenge those recitations. "Normally, on review, we are bound by the record. We may not notice or accept a statement of a fact asserted in a brief which is not supported by

the transcript [or legal file]." *Hammack v. White*, 464 S.W.2d 520, 522 (Mo.App.1971); *see also State v. Mouse*, 989 S.W.2d 185, 187 (Mo.App.1999). However, "[w]here a statement of fact is asserted in one party's brief, and conceded to be true in the adversary's brief, we may consider it as though it appeared in the record." *State v. Bowling*, 734 S.W.2d 565, 568 (Mo.App.1987).

*Summers v. State,* 934 S.W.2d 563 (Mo. App.1996), explains what must be shown to prove a plea of guilty was involuntary because of inaction of a movant's attorney.

In order for movant's ineffective assistance of counsel claim to succeed, he must show his plea of guilty was rendered involuntary by the inaction of the attorney who represented him in his criminal case. *Lynch v. State,* 777 S.W.2d 673, 674 (Mo.App.1989). His claim of ineffective assistance of counsel is immaterial except to the extent it impinges on the voluntariness and knowledge with which the plea of guilty was made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo.banc 1992).

*Id.* at 564.

The determination of whether a plea of guilty was voluntary is made by reviewing the record from movant's underlying criminal case and, in the event he or she is entitled to an evidentiary hearing, evidence adduced at that hearing. The record in the guilty plea hearing is reviewed to ascertain whether it refutes allegations made in the post-conviction motion. *Id.* See also, e.g., *Steinle v. State,* 861 S.W.2d 141, 143 (Mo.App.1993). As movant did not include a record of any part of the guilty plea hearing in the record on appeal, *see* n. 1, *supra,* she denied this court the opportunity to consider the evidence adduced when she pleaded guilty. She thereby failed to provide a record sufficient to determine the issue she now raises. *State v. Clark,* 671 S.W.2d 1,3 (Mo.App.1983); *see* Rule 81.12(a).

This court may assume the record of the guilty plea hearing was unfavorable to movant's claim that her guilty pleas were not voluntarily made, and that is why it was not included. *Daniels v. Griffin,* 769 S.W.2d 199, 201 (Mo.App.1989). *See also C–4 Corp. v. E.G. Smith Const. Products,* 894 S.W.2d 242, 244 (Mo.App.1995); *Board*

*of Regents v. Harriman,* 857 S.W.2d 445, 448 (Mo.App.1993); *In re Marriage of Holeyfield,* 847 S.W.2d 175, 179 (Mo.App. 1993); *Boillot v. Conyer,* 826 S.W.2d 95, 97 (Mo.App.1992).

Additionally, the record of movant's evidentiary hearing reflects that movant's intent in pleading guilty was to obtain probation rather than chance a possibility that she would go to the Department of Corrections for the offenses for which she had been charged. Movant acknowledged that she had been released from confinement in California shortly before the events that led to her arrest; that at the time she pleaded guilty, she wished to avoid again being incarcerated. She received probation, pursuant to a negotiated plea agreement, that was subsequently revoked. The veracity of movant's hindsight assertion that her pleas of guilty were not voluntary is suspect due to her failure to successfully complete the probation for which she bargained.

In order to prevail on her Rule 24.035 motion, movant had the burden of proving her claim for relief by a preponderance of the evidence. Rule 24.035(i). This court cannot conclude that the trial court judgment denying movant's motion was clearly erroneous based on the record before it. The judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.