296 F.Supp.2d 1027 (2003)
Timothy W. DAVIS, Petitioner,
v.
James PURKETT, Respondent.
No. 4:02CV00373ERW.
United States District Court, E.D. Missouri, Eastern Division.
June 17, 2003.
*1028 Timothy W. Davis, Farmington, MO, Pro se.
Stephen D. Hawke, Attorney General of Missouri, Assistant Attorney General, Jefferson City, MO, for Respondent.

MEMORANDUM AND ORDER
WEBBER, District Judge.
On March 22, 2002, Timothy Davis ("Davis"), currently incarcerated at Farmington Correctional Center, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254 [doc. # 4]. The Court referred the matter to United States Magistrate Judge Mary Ann L. Medler for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. See 28 U.S.C. § 636(b)(1). In responding to the Court's order to show cause why the writ should not be granted, Respondent argued that Davis' petition for the writ was untimely. Respondent did not address the merits. Davis then moved for summary judgment [doc. # 17]. Judge Medler issued a report [doc. # 18] recommending (1) that the Court deny Davis' summary judgment motion; and (2) that the Court order Respondent to address the underlying merits of Davis' petition. The Court agrees that Davis' summary judgment motion should be denied, but believes that Davis' habeas corpus petition was untimely. Accordingly, the Court dismisses Davis' habeas petition.

I. Procedural background
On June 6, 1995, the Circuit Court of St. Louis County sentenced Davis to a term of one year in the Department of Justice Services of St. Louis County and a consecutive term of ten years imprisonment in the Missouri Department of Corrections upon Davis' plea of guilty to one count of Felonious Restraint and one count of Robbery in the First Degree, respectively. The court, however, suspended the execution of Davis' sentence and placed him on probation for five years. Based on Davis's admitted failure to comply with his probation conditions, the court revoked Davis' probationary status on May 29, 1998, and ordered execution of the previously imposed ten-year sentence. Although the record does not indicate the circumstances, the Court released him on probation for the second time on September 29 of the same year. On November 23, 1999, the court revoked that probationary period. Finding, among other things, that Davis had used cocaine, traveled unlawfully, and failed to report to his probation officer when required, the court re-ordered Davis' ten-year sentence executed on that date.
*1029 Davis took no legal action until November 22, 2000, when he petitioned the Circuit Court of St. Francois County for an original writ of habeas corpus under Mo. S.Ct. R. 91. His petition argued that he was illegally detained because his probation hearing did not meet due process standards. The court denied the petition on April 30, 2001. Davis waited until August 3, 2001 to petition the Missouri Court of Appeals for a writ, which that court denied on August 9. Roughly one month later, he filed a further petition in the Missouri Supreme Court. That Court denied Davis' petition on November 20, 2001. Approximately four months later, on March 22, 2002, Davis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. He claims that the sentencing court (1) denied him due process by failing to consider alternatives to prison before revoking his probation; (2) denied him due process by failing to give him written notice of his violations before the revocation; and (3) abused its discretion in revoking his probation.

II. Discussion
The applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat 1214, requires a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year from the date on which his judgment of conviction became final by the conclusion of direct review, or the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled, however, while a "properly filed application for state post-conviction or other collateral review ... is pending." Id. § 2244(d)(2).
Davis waited 364 days from the date his probation was revoked to file his state habeas petition in the Francois County Circuit Court. Respondent agrees that Davis' filing of the state habeas petition tolled the statute of limitations for his federal petition, but argues that the limitations period ran out on May 1, 2001, one day after the Circuit Court denied the petition. Davis, on the other hand, contends that the statute of limitations for his federal petition did not even begin to run until November 21, 2001, the day after the Missouri Supreme Court denied his petition.
Davis' situation is complicated in that he is challenging the revocation of his probation. Davis' sole avenue for relief in the state court was to file a petition for a writ of habeas corpus in the Circuit Court for the county of confinement under Mo. S.Ct. R. 91. State prisoners may not directly appeal an order revoking their probation, Winegar v. State, 967 S.W.2d 265, 266 (Mo.Ct.App.1998); State v. Murphy, 626 S.W.2d 649, 650 (Mo.Ct.App.1981), nor are such orders reviewable under Missouri Supreme Court Rules 29.15 or 24.035. Teter v. State, 893 S.W.2d 405, 406 (Mo.Ct. App.1995).[1]
In any event, the Court agrees with Respondent that the statute of limitations for Davis' federal petition began to run on November 23, 1999, the day the trial court *1030 revoked his probation. The Court reaches this result using either of two limitations provisions. Under 28 U.S.C. § 2244(d)(1)(A), the federal limitations period is triggered by the conclusion of all direct criminal appeals of the judgment in the state system followed by the expiration of the time allotted for filing a petition for certiorari to the United States Supreme Court. See Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998). Applying that section, Davis' probation revocation was certainly final for direct review purposes, in the sense that direct review was not an option. In any case, 28 U.S.C. § 2244(d)(1)(D) would allow him to file his petition by November 23, 1999, because that is the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
Davis waited 364 days to file his state habeas petition. Any one-day lapse of the tolling of the federal limitations period would, therefore, make Davis' federal habeas petition untimely. Respondent argues that the limitations period ran out May 1, 2001, when Davis waited longer than one day to file a petition for a writ of habeas corpus in the Missouri Court of Appeals. This presents a novel question about the limitations of the definition of the word "pending" in 28 U.S.C. § 2244(d)(2). Under that section, the federal statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending ...." 28 U.S.C. § 2244(d)(2). The question poses difficulties for two reasons. First, the denial of a petition for writ of habeas corpus is not appealable. Brown v. State, 66 S.W.3d 721, 732 (Mo. 2002). Rather, if the petitioner believes a writ should have issued, the remedy is to file a new petition in a higher court. Id. Second, there is no time limit for filing state habeas petitions under Mo. S.Ct. R. 91.[2]
*1031 Theoretically, where a state habeas remedy is obtainable, a petitioner could severely protract the state proceedings by waiting months or even years to initially file the petition, and then to delay for a similar period in filing the original writs in the Court of Appeals and the Missouri Supreme Court. Here, however, the Court need not resolve that vexing question, because Davis' own conduct provides the solution. The Missouri Supreme Court denied his habeas petition on November 20, 2001. Even if the Court tolled the limitations period until that date, he still had only one day to file his federal habeas petition, because 364 days already elapsed after his probation was revoked and before he first sought state habeas corpus relief. After the Missouri Supreme Court denied state habeas corpus relief, he waited an additional four months. His petition, therefore, was untimely.
Although the statute of limitations is not jurisdictional, see Cross-Bey v. Gammon, 322 F.3d 1012, 1014-15 (8th Cir. 2003), the Court may not equitably toll the statute of limitations here. To support equitable tolling, there must be extraordinary circumstances beyond the petitioner's control that made filing a timely federal habeas petition impossible or when the respondent's conduct lulled the petitioner into inaction. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000). The Eighth Circuit has noted that district courts should be sure that equitable tolling is infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002). The Court finds nothing in the record here, beyond Davis' own conduct, to make it impossible for him to file a timely petition.
Therefore,
IT IS HEREBY ORDERED that Davis' Petition for Writ of Habeas Corpus [doc. # 4] is DISMISSED.
IT IS FURTHER ORDERED that Davis' Motion for Summary Judgment [doc. # 17] is DENIED as moot.

JUDGMENT
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Petitioner Timothy Davis' petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.
NOTES
[1] This is not to say that Missouri courts will never entertain Rule 29.15 or Rule 24.035 motions following a probation revocation. It is proper, for example, to bring a Rule 24.035 motion to challenge whether the trial court accepted the original guilty plea without a sufficient factual basis, Schuerenberg v. State, 98 S.W.3d 922, 923 (Mo.Ct.App.2003), whether the original guilty plea was voluntary, Salinas v. State, 96 S.W.3d 864 (Mo.Ct.App.2002), or whether the trial court lacked jurisdiction to revoke probation, Stelljes v. State, 72 S.W.3d 196, 199 (Mo.Ct.App.2002). Habeas corpus, however is the only state remedy available to challenge the revocation procedure itself. See State v. Stewart, 14 S.W.3d 671 (Mo.Ct.App.2000).
[2] This issue will not arise in most instances because, in the vast majority of cases, petitioners will be forced to bring their claims under Rule 29.15 for convictions after trial, or Rule 24.035 for convictions after guilty pleas, both of which have strict time limitations. The United States Supreme Court recently explained that the federal tolling rules are designed to give States an opportunity to complete one full round of review, free of federal interference, and noted the harmony between the tolling provisions and the exhaustion requirement. Carey v. Saffold, 536 U.S. 214, 222, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). The Missouri Supreme Court has explained that petitioners may use the state habeas corpus remedy to challenge a final judgment after failing to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results. State ex rel Simmons v. White, 866 S.W.2d 443, 446 (Mo. 1993) (emphasis in original). Later the Missouri Supreme Court held that a petitioner can file a writ of habeas corpus for claims that were not raised in post-conviction relief motions if either (1) he shows that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt; or (2) he establishes cause for the failure to timely raise the claim at an earlier juncture and prejudice resulting from the error that forms the basis of the claim. State ex rel Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo.2001). These limitations are firm, as Judge Stith, writing for the Missouri Supreme Court, noted in Brown v. State, 66 S.W.3d 721, 731 (Mo.2002) when she explained that Rule 91 motions may not be used to circumvent the time limits set out in Missouri's post-conviction rules. Thus, it will be unusual for the state court to entertain a prisoner's petition for a writ of habeas corpus for claims that should have been raised in post-conviction proceedings.

In most cases, therefore, it would be unlikely for a state habeas corpus petition to toll the statute of limitations because the petitioner's post-conviction remedies will either have been exhausted or defaulted. The remedy however, may present difficult exhaustion and statute of limitations issues in cases where state habeas corpus under Mo. S.Ct. R. 91 is the only remedy available for relief as in the case of revocation of probation; where procedural default is excused, and in freestanding claims of actual innocence by death penalty convicts. See State ex rel Amrine v. Roper, 102 S.W.3d 541, 543 (Mo.2003) (holding that a habeas petitioner under a sentence of death may obtain relief from a judgment of conviction and sentence of death upon a clear and convincing showing of actual innocence that undermines confidence in the correctness of the judgment). This is because the federal habeas statute makes clear that a federal petitioner has not exhausted state remedies as long as he maintains "the right under the law of the State to raise" in that State, "by any available procedure, the question presented." 28 U.S.C. § 2254(c).