**J.B. GOODEN, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Defendant– Respondent.**

**No. 18047.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 25, 1993.

J. Gregory Mermelstein, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

This is an appeal by J.B. Gooden, Jr. (movant) from the denial, after an evidentiary hearing, of a Rule 24.035 motion. This court affirms.

Movant pleaded guilty to the offense of murder in the first degree. He was sentenced, in accordance with a negotiated plea agreement, to confinement for life without possibility of probation or parole. Movant presents four points on appeal.

The facts applicable to each point on appeal are set forth in the part of the opinion that discusses that point.

## I.

■ Movant's first point asserts that the motion court committed plain error in not vacating movant's conviction and sentence for the reason that the record of the guilty plea hearing in movant's criminal case does not establish that there was a factual basis for the guilty plea. *See* Rule 24.02(e). Alternatively, movant asserts that the motion court committed plain error in denying his Rule 24.035 motion in that his post-conviction counsel "failed to assert the lack of factual basis for [movant's] plea as a claim for postconviction relief in the motion court."

A Rule 24.035 motion must be verified. Rule 24.035(d) requires that the verification declare "that [a movant] has listed all grounds for relief known to him." The verification must acknowledge a movant's "understanding that he waives any ground for relief known to him that is not listed in the motion." *Id.* Both the pro se motion that movant filed and his amended motion contain such verifications.

■ Since movant did not assert a lack of factual basis for his plea of guilty as a ground relied upon in his pro se motion or in his amended motion, it cannot be considered. *Hagen v. State*, 766 S.W.2d 778, 780 (Mo.App.1989). Movant's appellate counsel accomplishes nothing by characterizing the ground as a claim of plain error. The plain error rule does not justify a review of every point that has not been properly preserved for appellate review. *State v. Ervin*, 835 S.W.2d 905, 920 (Mo. banc 1992).

■ The effort to "alternatively" argue that post-conviction counsel's failure to assert a "lack of factual basis for [movant's] plea as a claim for postconviction relief in the motion court" is likewise fruitless. It amounts to a veiled attack on the effectiveness of post-conviction counsel. "Allegations of ineffective assistance of post-conviction counsel are categorically unreviewable." *Id.* at 928–29, citing *Pollard v.*

*State*, 807 S.W.2d 498, 502 (Mo. banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). Movant's first point is denied.

## II.

■ Movant's second point on appeal alleges ineffective assistance of counsel in the underlying criminal case. Movant contends that his plea of guilty was therefore rendered involuntary. He complains that his attorneys "failed to properly investigate and pursue to a conclusion" a motion to suppress evidence that was directed to statements movant made to law enforcement officers. He argues that law enforcement personnel did not "honor[ ] [his] invocation of his right to silence" thereby causing his statements to be the product of "psychological coercion." Movant also contends that the statements he made "were obtained as a result of an unlawful arrest."

Prior to movant's pleading guilty, his trial attorneys filed a motion in his behalf seeking "to suppress alleged incriminating written and oral statements which [movant] purportedly made." The motion to suppress asserted that statements movant made were involuntary; "were made without [movant] first being advised of his constitutional rights"; and were the product of an unlawful arrest. An evidentiary hearing on the motion to suppress was held. At its conclusion the trial judge, by docket entry in the criminal case file, "continued [the court's ruling] to a later date to allow [movant] to interview a possible witness." Further, the transcript of the hearing indicates that one of the exhibits that was admitted in evidence was a videotape recording of a statement made by movant. The trial judge anticipated viewing the videotape in his chambers "within the next day or so at [his] convenience."

The evidentiary hearing on movant's motion to suppress evidence was held August 13, 1990. On December 10, 1990, defendant pleaded guilty to murder in the first degree. There had been no ruling by the trial court on the motion to suppress evidence before movant pleaded guilty.

██ The fact that movant pleaded guilty in his criminal case affects what this court will assess in its review of the claim of ineffective assistance of counsel.

By pleading guilty, movant waived all errors except those which affect the voluntariness of the plea[ ] or the understanding with which the plea[ ] [was] given. Any claim of ineffective assistance of counsel is immaterial except to the extent it impinged upon the voluntariness and knowledge with which the plea of guilty was made. *Freeman v. State,* 691 S.W.2d 414, 415 (Mo.App.1985); *Clark v. State,* 690 S.W.2d 828, 829 (Mo. App.1985).

*Jenkins v. State,* 788 S.W.2d 536, 537 (Mo. App.1990).

Although movant now complains that the attorneys who represented him in his criminal case were ineffective, the record from his guilty plea hearing does not reflect that dissatisfaction. During the guilty plea proceeding, movant acknowledged that he was represented by two attorneys, Ms. Kraft and Mr. Wolfrum. Movant was asked if he was satisfied with the representation that they had provided him. He answered, "Yes." In response to questions from the trial court, movant advised the court that his attorneys had done the things that he wanted them to do and that there was nothing that he wanted his attorneys to do that they had not done.

After the prosecuting attorney made his recommendation to the trial court regarding punishment, the judge asked movant if the recommendation was the one that movant had expected the prosecuting attorney to make. Movant answered that it was. The judge then told movant that the court would follow the prosecutor's recommendation. The judge stated to movant, "So you now know what your punishment will be if you wish to proceed with your guilty plea. Or you can plead not guilty and stand trial. What do you wish to do?" Movant told the judge that he wanted to plead guilty and not have a trial. The following colloquy then occurred:

THE COURT: All right. Mr. Gooden, has anybody forced you or threatened you or promised you anything to make you plead guilty here today?

[MOVANT]: No.

THE COURT: Are you pleading guilty of your own free will?

[MOVANT]: Yes.

THE COURT: And are you pleading guilty because it is in fact true that you are guilty of this crime?

[MOVANT]: Yes.

The trial court accepted movant's plea of guilty, finding that it was made "freely and voluntarily and with a full understanding of [movant's] rights and of the consequences of that plea." The trial court then pronounced judgment and sentence. The trial court also advised movant that the court was required to examine him further regarding the assistance of counsel that he had received. Movant was placed under oath and asked a number of questions. The questions that the court asked at that time and the answers that movant gave included the following:

Q. Did your attorney do anything that you didn't want her to do before you pled guilty here today?

A. No, she didn't.

.     .     .     .     .

Q. Okay. Was the sentence imposed on you today the result of a plea-agreement or plea-bargain, Mr. Gooden?

A. Yes.

Q. Was the sentence that you received the sentence that you expected under the plea-agreement here today?

A. Yes.

.     .     .     .     .

Q. Are you satisfied with the services rendered to you by Miss Kraft as your attorney whether or not you're satisfied with the outcome of the case?

A. Yes.

Q. Is there anything else you would like to tell me about your attorneys' representation of you, Mr. Gooden, before I make a finding in this case?

A. No.

As stated in *Cramlett v. State,* 800 S.W.2d 813 (Mo.App.1990):

Where a defendant repeatedly assures the court at his guilty-plea hearing that he is satisfied with his defense counsel's performance and believes counsel has done everything defendant requested, defendant cannot later claim the contrary.

*Id.* at 813–14.

When movant pleaded guilty, he was aware of all of the facts that he now asserts in claiming ineffective assistance of counsel in his criminal case. The finding of the motion court that his plea of guilty was voluntarily made is not clearly erroneous. Point II is denied.

### III.

■ For his third point on appeal, movant claims that he was denied effective assistance of counsel because his trial counsel in his criminal case "failed to seek a second mental evaluation ... to determine his competency to plead guilty or stand trial." Once again, movant attempts to alternatively assert a further claim of error, viz., that plain error occurred because his post-conviction counsel abandoned him by failing to present evidence regarding his "lack of mental capacity."

During the evidentiary hearing in the motion court, inquiry was made of one of the attorneys who represented movant in his criminal case about a possible second mental examination. The following questions were asked of the attorney and the following answers given:

Q. There was a mental evaluation requested in the case; is that correct?

A. Yes.

Q. And, in fact, in November of '90 there was a request to obtain a second mental evaluation; is that right?

A. Yes.

. . . . .

Q. Do you recall, was there a second evaluation complete?

A. No. There was not.

Q. And at what point in time did that fizzle, if you will?

A. I guess that fizzled when plea negotiations became clear with [the prosecuting attorney] and [movant] indicated that he was going to plead guilty.

Q. At that point in time, did you feel, was there any question in your mind, that Mr. Gooden was competent and capable of making a voluntary decision in this regard?

A. No. There was no question.

Q. At that point in time, did you currently have one mental evaluation available to you?

A. Yes.

Q. Was that done by someone who you believe had some credibility?

A. Yes.

The findings and conclusions of the motion court included the following determination:

A Motion for Second Examination was filed but was never ruled upon because Movant withdrew his plea of not guilty and entered a plea of guilty. This had the legal effect of withdrawing that motion. When the post-conviction motion was presented, Movant had the burden of proving that a second examination should have been granted and that a second examination would have supported a defense of mental disease or defect. He offered no evidence in this regard and therefore this claim has been abandoned.

■ The motion court's findings and conclusions are not clearly erroneous. Movant had the burden of proving the assertion that a second mental evaluation was necessary and that by not receiving the second examination, movant was denied effective assistance of counsel. Absent a perceived shortcoming in a mental evaluation report or a manifestation of a mental disease or defect not identified by a prior report, an attorney representing a defendant in a criminal case is not compelled to seek further evaluation. *Sidebottom v. State,* 781 S.W.2d 791, 797 (Mo. banc 1989). The decision not to proceed with the request for a second mental evaluation, under the facts in this case, was reasonable and did not constitute ineffective assistance of counsel.

The attempt by movant to assert an alternative grounds for relief with respect to his third point also fails. The complaint that post-conviction counsel failed to present evidence before the motion court "regarding [movant's] lack of mental capacity" does not constitute abandonment. To suggest that there might have been evidence, without support in the record on appeal, that would have indicated that another mental evaluation would have been appropriate amounts to nothing more than a blind claim of the type determined not cognizable on appeal in *Pollard v. State, supra.* It is an unsupported argument "that counsel before the motion court did not do everything which might have been done." *Id.* at 502. Point III is denied.

### IV.

Movant's fourth point asserts that he was detained for more than 20 hours without a warrant for his arrest contrary to § 544.170, RSMo 1986. He contends that the motion court erred in not granting his Rule 24.035 motion because his detention in violation of § 544.170 rendered his plea of guilty involuntary.

The motion court found:

The fact that Movant was detained in excess of twenty hours before a charge was filed is not relevant to any issue in this motion. The confession obtained took place within three hours after Movant was taken into custody and therefore, his detention in excess of twenty hours had nothing to do with the confession. Even if the confession had been obtained beyond twenty hours before a charge was filed, that fact standing alone is not sufficient to suppress the confession. *State v. Smith,* 747 S.W.2d 678, 682 (Mo.App.1988); *Roberts v. State,* 476 S.W.2d 490, 494 (Mo.1972).

Those findings and conclusions are not clearly erroneous. Movant's fourth point is denied. The order denying movant's Rule 24.035 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.