**Johnny B. VAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 20209.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 29, 1996.

Motion for Rehearing and Transfer to Supreme Court Denied March 20, 1996.

Application to Transfer Denied
April 23, 1996.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah (Jay) Nixon, Attorney General, Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant, Johnny B. Van, charged with the class D felony of driving while intoxicated, § 577.010, RSMo 1986, and § 577.023, RSMo Cum.Supp.1993,[1] pled guilty pursuant to a plea agreement wherein the prosecutor agreed: (a) to refrain from charging Appellant "as a prior and persistent offender," and (b) to recommend a five-year prison sentence, to run concurrently with sentences on

---

1. Henceforth, references to statutes are to RSMo

which Appellant was "on probation down in Pemiscot County, Missouri."

The plea court accepted Appellant's plea and imposed the five-year sentence, ordering that it "be served concurrent with sentence imposed in Pemiscot County."

After delivery to the Department of Corrections, Appellant filed a timely motion per Rule 24.035, Missouri Rules of Criminal Procedure (1994), to vacate the conviction and sentence. Appellant's motion and an amended motion filed by counsel alleged sundry grounds for relief.

■ The motion court issued extensive findings of fact and conclusions of law, and denied relief without an evidentiary hearing. Appellant brings this appeal from that judgment. His sole point relied on avers the denial of relief without an evidentiary hearing was clearly erroneous because he pled facts which, if proved, would demonstrate he was denied effective assistance of counsel when he pled guilty, in that:

"... trial counsel misled Appellant into believing that the State would seek a twenty year prison sentence if the cause went to trial, a sentence beyond the maximum authorized by law, and Appellant's plea was therefore not freely and voluntarily entered."

The dialogue between the plea court and Appellant during the guilty plea proceeding included this:

"THE COURT: All right. Has anybody forced you or threatened you or promised you anything to make you plead guilty, Mr. Van?

THE DEFENDANT: No.

THE COURT: And are you pleading guilty of your own freewill [sic]?

THE DEFENDANT: Yes, sir.

. . . .

Q. And, did [your lawyer], or for that matter, did anybody communicate any threats or promises to you to make you plead guilty?

A. No, sir."

Cum.Supp.1993.

Only one of the motion court's findings is pertinent to Appellant's claim of error in this appeal. That finding is:

"12. Movant's claim that defense counsel was ineffective because she instructed the Defendant that if he could not agree upon a term of years as part of a plea agreement the Prosecutor would surely ask for a term of (20) years if taken to trial. The allegation is refuted on the record wherein the Court specifically asks the follows [sic]: 'All right, has anybody forced you or threatened you or promised you anything to make you plead guilty here, Mr. Van?

THE DEFENDANT: No, Sir.' "

Superficially, Appellant's assurance to the plea court (in the dialogue quoted earlier) that no one threatened him to make him plead guilty appears to support the above finding. However, a careful review of the record reveals otherwise.

We begin by noting that the maximum possible punishment for the crime alleged in the information—a class D felony [2]—is five years' imprisonment. § 558.011.1(4). The State's brief points out that the transcript of the guilty plea proceeding shows the plea court informed Appellant that the maximum sentence was five years' imprisonment, and Appellant confirmed to the plea court that he understood. Consequently, says the State: "[T]he record refutes appellant's contention that he believed, at the time that he entered his plea, that he was facing a possible 20 year sentence if he went to trial."

It must be remembered, however, that part of the plea agreement was that the prosecutor would refrain from charging Appellant "as a prior and persistent offender." We infer this meant the prosecutor would not allege Appellant was a prior offender as defined by § 558.016.2, and would not allege Appellant was a persistent offender as defined by § 558.016.3. Under § 558.016.7(4), the maximum punishment for a persistent offender convicted of a class D felony is ten years' imprisonment. Appellant underscores

this in his brief, asserting: "The record therefore suggests that enhancement of appellant's sentence might have been possible."

Appellant's analysis is unassailable. The only rational conclusion from the record is that one element of the plea agreement was that the prosecutor would forgo invoking the persistent offender provision of § 558.016, by which the maximum punishment for the instant offense would be enhanced from five years' imprisonment to ten. Nowhere in the transcript of the guilty plea proceeding is there any dialogue to support a finding that Appellant understood the maximum punishment, were he found to be a persistent offender, would be ten years' imprisonment, not twenty.

■ A recent decision by the Supreme Court of Missouri, *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), sets forth the requirements a prisoner must satisfy in order to obtain an evidentiary hearing when he seeks post-conviction relief on the ground of ineffective assistance of counsel. They are: (1) the prisoner must plead facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the prisoner. *Id.* at 55.

■ To justify the denial of an evidentiary hearing, an accused's responses to a judge's questions in open court regarding performance of the accused's lawyer must be specific enough to support a finding by the motion court in the post-conviction proceeding that the record conclusively refutes the allegation of ineffective assistance. *Id.* at 55[10].

While the record in the instant case is sufficient to refute a claim by Appellant that he did not understand the maximum punishment for the crime to which he pled guilty was five years' imprisonment, the record contains nothing to refute his allegation that his lawyer led him to believe the prosecutor would seek a twenty-year prison sentence if Appellant spurned the plea agreement and

---

2. The information alleged Appellant had been convicted of driving while intoxicated on two occasions prior to committing the instant of-

fense. That allegation invoked § 577.023, elevating the instant offense to a class D felony. § 577.023.1(2) and .3.

went to trial. As we have seen, the prosecutor had the power to charge Appellant as a persistent offender under § 558.016, thereby enhancing the maximum punishment for the crime charged. The prosecutor's abandonment of that prerogative was an element of the plea agreement.

The record thus demonstrates that had Appellant rejected the plea agreement and gone to trial, he would have faced the possibility of a sentence exceeding five years' imprisonment. Nothing in the record refutes Appellant's claim that his lawyer told him the State would seek a twenty-year sentence if he stood trial. Although the sentence for the crime charged could not exceed ten years' imprisonment under the persistent offender provision of § 558.016, nothing in the record demonstrates Appellant knew that.[3] Consequently, implausible as Appellant's claim may seem, it is not refuted by the record. *Driver*, 912 S.W.2d at 55[10].

■ It follows that the motion court's judgment must be reversed and the cause must be remanded for an evidentiary hearing on Appellant's allegation that his lawyer rendered ineffective assistance by misleading him into believing the State would seek a twenty-year prison sentence if the case went to trial.[4]

■ That is the only issue for the motion court to resolve on remand. While Appellant's pro se motion and the amended motion filed by counsel on Appellant's behalf pled

sundry other grounds for relief, no error is assigned in this appeal regarding the motion court's rejection of those grounds; hence, they are deemed abandoned. *Herron v. State*, 498 S.W.2d 530, 531[1] (Mo. 1973); *Spencer v. State*, 776 S.W.2d 428, 437 (Mo. App. S.D.1989).

The judgment of the motion court is reversed and the cause is remanded to the motion court for further proceedings consistent with this opinion.

PREWITT, P.J., concurs.

PARRISH, J., dissents and files dissenting opinion.

PARRISH, Judge, Dissenting.

I respectfully dissent.

The majority opinion relies on *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), for the proposition that this defendant is entitled to look beyond the range of punishment explained by the trial court in order to show his plea of guilty was given involuntarily and without knowledge regarding the correct range of punishment. I do not read *Driver* that broadly.

*Driver* is a Rule 29.15 case. It is based on a post-conviction motion directed to competency of counsel in a criminal case that went to trial. It held that an evidentiary hearing is required in a Rule 29.15 proceeding if (1) the motion alleges facts warranting relief; (2) the facts alleged raise matters not conclu-

---

3. Even though the maximum punishment for the crime charged could not, in any circumstance, exceed ten years' imprisonment, it is possible that had Appellant rejected the plea agreement, he could have ended up with an aggregate of twenty years or more in prison sentences. We infer he was facing revocation of probation on the Pemiscot County sentence (or sentences). Although the record yields no further information about that, one element of the plea agreement was that the sentence in the instant case would run concurrently with the Pemiscot sentence (or sentences). Without the plea agreement, Appellant's sentence in the instant case could have been run consecutively to the Pemiscot sentence (or sentences). Therefore, depending on the length of the Pemiscot sentence (or sentences)—and whether (if more than one) they were to be served concurrently or consecutively—Appellant could possibly have received sentences totalling or exceeding twenty years had he gone to trial in

the instant case. Thus, if Appellant's lawyer indeed advised him the State would seek twenty years' imprisonment if Appellant stood trial, there may have been a valid basis for such advice. However, the record is insufficient for us to verify that hypothesis.

4. We do not imply the possibility of a stiff sentence if Appellant went to trial rendered his plea of guilty involuntary. A plea of guilty to avoid a greater penalty than might be assessed in a jury trial is not involuntary. *Goodloe v. State*, 486 S.W.2d 430, 432[6] (Mo.1972); *Phillips v. State*, 902 S.W.2d 318, 321[4] (Mo.App.S.D.1995). Appellant's claim that his plea of guilty was involuntary is based on his allegation that his lawyer misled him into believing the State would seek a twenty-year prison sentence if the case were tried, a punishment beyond the maximum authorized by law for the crime charged.

sively refuted by the files and records in the criminal case; and (3) the matters complained of resulted in prejudice to the movant. *Id.* at 55.

Defendant's conviction was the product of a plea of guilty. Any claim of ineffective assistance of counsel is immaterial unless it impinged upon the voluntariness and knowledge with which the plea of guilty was given. *Wiles v. State,* 812 S.W.2d 549, 551 (Mo.App. 1991). Assuming, as does the majority opinion, that the test announced in *Driver* applies in Rule 24.035 cases, a logical interpretation of its prong (2) is that facts required to be alleged in order to warrant an evidentiary hearing must be relevant to the issue of voluntariness of the plea of guilty and the defendant's knowledge about the maximum punishment authorized by law for the offense to which the guilty plea is entered. I find nothing in *Driver* that entitles a defendant to an evidentiary hearing on a post-conviction motion because the defendant formed a belief, correct or incorrect, about a range of punishment for an offense other than the one to which he pleaded guilty.

In my opinion the findings of the trial court are not clearly erroneous. Defendant is not entitled to an evidentiary hearing. I would affirm the trial court's order dismissing the Rule 24.035 motion without an evidentiary hearing.