**Lenford A. BUCKNER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 56109.**

Missouri Court of Appeals,
Western District.

June 30, 1999.

Kent Denzel, Esq., Columbia, for Appellant.

John M. Morris, Esq., Jefferson City, for Respondent.

Before Presiding Judge LAURA DENVIR STITH, Judge LOWENSTEIN and Judge SMART.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from the denial, without an evidentiary hearing, of a Rule 24.035 motion. Buckner was indicted for a Class A felony possession of a controlled substance. As part of a plea agreement, the state reduced the charge to a Class B felony and agreed to recommend a seven-year sentence for Buckner, a prior offender.

Buckner's amended motion alleged:

On September 22, 1997, the Sedalia Police Department dispatched to officers in the field an anonymous "Crimestoppers" tip that a person in an older model vehicle was presently selling drugs in the vicinity of Pettis and Osage Streets. Officers found a 1970 Chevrolet Impala traveling in the general area and followed the vehicle for some distance. While following the vehicle, the officers did not observe any traffic violations or other crimes occurring. The officers decided to stop the vehicle at the intersection of Ohio and Pettis Streets. Movant and another black male that occupied the vehicle were ordered to exit and were immediately searched. The traffic stop, detention and subsequent search were based solely upon the vague anonymous tip that had been relayed by the dispatcher. As a result of the search, four bags of crack cocaine were discovered inside movant's socks, and a scale, a metal rod and Zantax pills were discovered inside his jacket pockets. Movant was then placed under arrest for possession of a controlled substance and possession of drug paraphernalia.

Defense counsel failed to file a motion to suppress evidence of the controlled substance and drug paraphernalia based upon the unlawful stop of the vehicle and the improper detention and search of movant. The stop of the vehicle was done without probable cause. The subsequent detention and search of movant and seizure of evidence from his person were tainted by the illegal stop and performed without a warrant and without exception thereto. A reasonably competent attorney would have filed a motion to suppress evidence and the Court would have been obligated to sustain the motion under these circumstances. Movant was highly prejudiced in that had such motion been filed and sustained, all incriminating evidence would have been suppressed and movant certainly would not have entered a plea of guilty.

The motion court denied a request for an evidentiary hearing and denied the motion saying the record made in the plea hearing refuted the claim in the Rule 24.035 motion. The portion of the record

dealing with the issue at bar is now set out in full:

> Q. But do you understand when you enter a plea of guilty, you are giving up your right to a trial now and forever so far as this case is concerned, and once having entered your plea of guilty, you cannot change your mind?
>
> A. Right, yes.
>
> Q. Have you discussed this matter thoroughly with Mr. Batek?
>
> A. Yes, I have.
>
> Q. Have you had all the time that you need to discuss it with him?
>
> A. Yes.
>
> Q. Are you satisfied with his representation?
>
> A. Yes.
>
> Q. Is there anything that you've asked him to do or wanted him to do that has not yet been done?
>
> A. No.
>
> Q. Do you understand if you have any complaints about the services of your attorney, you must tell me that prior to you pleading guilty or otherwise that, too, will be too late?
>
> A. Yes.

■ In order for a movant's ineffective assistance of counsel claim to be successful, the movant must show the guilty plea was rendered involuntary by the inaction of the movant's attorney, because all claims of ineffective assistance are "immaterial except to the extent it impinges on the voluntariness and knowledge with which the plea of guilty was made." *Summers v. State*, 934 S.W.2d 563, 564 (Mo. App.1996). Where postconviction relief of a plea of guilty is requested for ineffective assistance of counsel, the prisoner must demonstrate a reasonable probability, that but for counsel's errors, the prisoner would have insisted on a trial, rather than enter a guilty plea. *Gilliland v. State*, 882 S.W.2d 322, 325 (Mo.App.1994). A review of a motion under Rule 24.035(k) is limited to determining whether the findings, con-clusions and judgment of the motion court are clearly erroneous, and to warrant an evidentiary hearing the movant must (1) plead facts warranting relief; show those facts are not refuted by the record; and (2) demonstrate prejudice. *Turner v. State*, 979 S.W.2d 222, 223 (Mo.App.1998). Findings and conclusions are clearly erroneous, only if a reviewing court is left with a definite and firm impression a mistake has been made. *Hatchett v. State*, 909 S.W.2d 748, 750 (Mo.App.1995).

■ Buckner raises two points. He first alleges, seeking plain error review of the denial of his motion, the plea transcript failed to establish a factual basis for the crime for which he pled. Since this assertion is raised for the first time on appeal, it will not be considered. *Gooden v. State*, 846 S.W.2d 214, 216 (Mo.App.1993).

■ In his other point, Buckner presents the argument that plea counsel failed to advise him of or pursue the meritorious defense that was available—a motion to suppress the search made by the police. He claims because of this failure, his plea was made without the requisite knowledge and was not voluntary, and denial of an evidentiary hearing was error since this allegation is not refuted by the record. Although the language of the amended Rule 24.035 motion and the point raised here are not precisely the same, the court will consider the point here as being preserved. At first blush, this argument seems devoid of any merit. Many cases, such as *Gooden, supra*, say the alleged ineffectiveness caused by failure of counsel to investigate or attempt to suppress evidence is waived when the movant acknowledges satisfaction with the representation and acknowledges that the attorney has done everything movant wanted done and has not failed to do anything the movant had wanted done. 846 S.W.2d at 216–17.

A motion for postconviction relief came after trial in *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995) (Limbaugh, dissenting), and was, in part, an appeal from the

denial of a motion under Rule 29.15. There, as here, the Court was faced with the issue of whether the motion court clearly erred in denying the movant an evidentiary hearing. *Id.* at 56. In *Driver,* the questioning following trial pursuant to Rule 29.07(b) was similar to the record here. It consisted of four general questions with yes or no answers. *Id.* at 54. The language of the majority opinion is instructive:

> To preclude an evidentiary hearing, however, the Rule 29.07(b)(4) inquiry must be specific enough to elicit responses from which the motion court may determine that the record refutes conclusively the allegation of ineffectiveness asserted in the Rule 29.15 motion. Responses to questions such as whether the trial attorney did everything that the defendant wanted him to do, or, conversely, did not do anything that the defendant did not want him to do, are too broad to refute conclusively an ineffectiveness claim such as the one alleged by Driver so that the motion court may deny the Rule 29.15 motion without an evidentiary hearing. It is not enough that the defendant, "would have known" of the claim during the sentencing proceeding.

*Driver,* 912 S.W.2d at 55–56.

The Court held that the few general questions at sentencing, did not preclude an evidentiary hearing before deciding on the Rule 29.15 motion pertaining to counsel's failure to introduce further evidence on the defendant's medical condition. *Id.* at 56. The Court said a more specific inquiry could be utilized to preclude an evidentiary hearing in later cases involving Rule 29.15 and Rule 24.035 motions. *Id.* The Court acknowledged that in holding that a more specific inquiry is necessary to conclusively refute an allegation of ineffective assistance of counsel under a later Rule 29.15 pleading, an increased burden is placed on the trial court at sentencing. *Id.*

The language of *Driver* should control here. The Southern District in, *Van v.*

*State,* 918 S.W.2d 921 (Mo.App.1996) (Parrish dissenting), did apply *Driver* to a Rule 24.035 appeal. Albeit, in a guilty plea hearing in a new case, it is difficult to anticipate what issues may arise, to fashion appropriate questions; regardless, if it does not contain the specific inquiry necessary to dispel the pleaded facts of a later motion for post conviction relief, then a hearing must be held. *Driver,* 912 S.W.2d at 55–56. It may very well be that counsel here discussed with the client the merits of filing a motion to suppress the drugs found in the client's possession, but on this record, only a hearing can resolve this question on the way to a conclusion as to whether counsel was effective, and whether the client knowingly and voluntarily entered his plea. *Van v. State,* 918 S.W.2d at 924. The pleaded facts, taken as true, point to possible grounds to sustain a motion to suppress, which should have been explained to the client so as to make a plea voluntary and knowing.

The judgment is reversed and remanded for the purpose of conducting an evidentiary hearing prior to entry of judgment.

All concur.