Kenneth MORRISON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59892.

Missouri Court of Appeals,
Western District.

Jan. 22, 2002.

Sarah Weber Patel, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Kenneth Morrison pleaded guilty in the Circuit Court of Jackson County to one count of robbery in the first degree and one count of armed criminal action. The circuit court denied his Rule 24.035 motion without an evidentiary hearing, and this appeal follows. Morrison argues that the circuit court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because his claim, that his attorney coerced him into pleading guilty by failing to investigate and prepare for trial, alleged facts, not conclusions, warranting relief that were not refuted by the record and that have caused him prejudice. Because the facts Morrison alleges are refuted by the record, we affirm.

## Facts

Kenneth Morrison was charged by information on May 7, 2000, with two counts of robbery in the first degree and two counts of armed criminal action. His trial was scheduled for June 19, 2000. On that date, Morrison appeared and pleaded guilty to one count of robbery in the first degree and one count of armed criminal action. At the plea hearing, the following exchange took place between Morrison and the court:

Q: (by the Court) Sir, are you pleading guilty to these charges because you are guilty?

A: Yes, ma'am.

Q: Has anyone threatened you with anything to get you to plead guilty?

A: No.

Q: Has anyone promised you anything, other than what's set forth in the plea agreement, to get you to plead guilty?

A: No.

Q: So your plea of guilty is voluntary?

A: Yes, ma'am.

Q: And you have had enough time to talk with your attorney about this case?

A: Yes, ma'am.

Q: And you're satisfied with his services?

A: Yes, ma'am.

Q: And sir, I need to advise you that today is the day to make any complaints that you have regarding your representation; so, with that, I'm going to ask you: Do you have any complaints about your lawyer?

A: No, I do not.

Morrison filed an amended Rule 24.035 motion alleging that his trial attorney had coerced him into pleading guilty by disregarding his requests to investigate and by

failing to prepare for trial. Morrison alleged that his trial attorney, Tom Shanahan, met with him three times. According to Morrison, he told Mr. Shanahan that he wanted to go to trial, and asked Mr. Shanahan to contact his co-defendants, Ronnie Gooden and Donald LaGrone, to see if they were willing to testify on his behalf. He also told Mr. Shanahan that he wanted the hair samples tested that were collected by the police from the masks that were thought to have been worn during the robbery. Morrison asserts that Mr. Shanahan told him that he had no defense, and that Mr. Shanahan did not contact the codefendants or arrange to have the hair samples tested.

The motion court concluded, without conducting an evidentiary hearing, that Morrison had waived his right to complain about trial counsel's failure to investigate his case by pleading guilty, and that he was barred from asserting ineffective assistance of counsel as a result of his admission of counsel's competence at the plea hearing.

## Analysis

■■■■ Morrison raises one point on appeal. He argues that the motion court clearly erred when it denied his Rule 24.035 motion without an evidentiary hearing because he alleged that his attorney coerced him into pleading guilty by disregarding his requests for investigation and by failing to prepare for trial. We are limited in our review to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. *May v. State*, 921 S.W.2d 85, 86 (Mo.App.1996). We will only find the motion court's findings of fact and conclusions of law clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

■■ In order to obtain an evidentiary hearing on claims of ineffective assistance of counsel, a movant must 1) allege facts, not conclusions, warranting relief; 2) the facts alleged must raise matters not refuted by the record; and 3) the matters complained of must have resulted in prejudice to the movant. *Redeemer v. State*, 979 S.W.2d 565, 569 (Mo.App.1998). The facts alleged must show both that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the movant's case was thereby prejudiced. *Id.*

Morrison alleged the following in his amended motion:

Mr. Morrison will testify that the first time he met Mr. Shanahan was only two weeks before his trial date. During this [sic] two weeks, Mr. Shanahan met with Mr. Morrison three times. At this meeting, Mr. Shanahan told Mr. Morrison about the plea agreement. Mr. Morrison told Mr. Shanahan that he wanted to go to trial, but needed Mr. Shanahan to contact the codefendants, Ronnie Gooden and Donald LaGrone, to see if they were willing to testify on his behalf. He also told Mr. Shanahan that he wanted the hair samples tested that were collected by the police from the masks that were thought to have been worn during the robbery.

The final meeting was held the next day. Mr. Morrison will testify that Mr. Shanahan explained the plea agreement again and told Mr. Morrison that he did not have a defense. Mr. Morrison asserts that he asked Mr. Shanahan if he was able to speak with the co-defendants and test the hair samples, Mr. Shanahan told him that he had not. Mr. Morrison told Mr. Shanahan once again that he wanted to go to trial and he wanted Mr. Shanahan to speak with the co-defendants and test the hair samples. On the

day of trial, Mr. Morrison will testify that Mr. Shanahan still had not looked into what he asked him to and told him once again that he did not have a defense. Mr. Morrison asserts that after he found out that Mr. Shanahan had failed to do anything Mr. Morrison asked him to, and most importantly, that Mr. Shanahan had not prepared a defense, Mr. Morrison felt that he had no other choice but to plead guilty. Mr. Morrison will testify at an evidentiary hearing, that he felt coerced into pleading guilty due to Mr. Shanahan's disregard to [sic] Mr. Morrison's investigation requests that he felt were vital to a defense in his case and Mr. Shanahan's failure to prepare a defense for trial.

Morrison attempts to distinguish his claim from one that his counsel was ineffective as a result of a failure to prepare. He presumably makes this distinction to avoid the rule discussed in *Townsend v. State*, 854 S.W.2d 496, 497 (Mo.App.1993), that a guilty plea generally waives any complaint about counsel's failure to investigate. Rather, he has alleged that his plea was involuntary because counsel coerced him into pleading by failing to prepare. Morrison's claim that he was coerced into pleading guilty is not waived by his entering a guilty plea. *See Keener v. State*, 790 S.W.2d 269, 270 (Mo.App.1990).

It is apparently Morrison's position that because he is not literally complaining of a failure to investigate, his amended motion was not subject to the general pleading requirement that he set forth factually what facts would have been discovered by that investigation and how they would have provided him with a defense. The State disagrees with that position. It would seem at first blush incongruous that on a claim of coercion by failure to investigate, the movant would be entitled to a hearing, let alone relief, without a showing of what any undone investigation would have revealed. We need not, however, resolve that issue.

The facts that Morrison does allege (that his counsel failed to investigate or coerced him by such failure) are themselves refuted by the record. Morrison argues that under *State v. Driver*, 912 S.W.2d 52 (Mo. banc 1995), the questions asked of him by the court during his plea hearing were too broad to conclusively refute ineffective assistance of counsel claims. In *Driver*, the Supreme Court reversed a motion court's denial of 29.15 relief and remanded for an evidentiary hearing based on the questions asked of the defendant at her 29.07(b)(4) examination. The questions asked of the defendant in *Driver* were quite similar to the questions asked of Morrison at his plea hearing. Because Morrison pleaded guilty, *Driver* is not persuasive. In *May*, this court held that at a plea hearing such as the one in the instant case, the court may give "numerous opportunities to express dissatisfaction with the performance of counsel" without meeting the *Driver* requirements regarding the specificity of questions. *May*, 921 S.W.2d at 88. Here, Morrison had ample opportunity to complain about his counsel. Instead of doing so, he stated unequivocally that he was satisfied with his counsel's performance, and that no one had coerced him into pleading guilty. His assertions to the contrary are conclusively refuted by the record.

Morrison relies principally upon *Buckner v. State*, 995 S.W.2d 47 (Mo.App.1999) and *Royston v. State*, 948 S.W.2d 454 (Mo. App.1997) for his contention that he was, at least, entitled to an evidentiary hearing on his amended motion. In *Buckner*, the appellant claimed that his attorney did not advise him that he had an allegedly meritorious defense of a motion to suppress a search. 995 S.W.2d at 49. Whether the

appellant had a valid defense to the charge of which his counsel failed to advise him would go to the very heart of the voluntariness of his plea. Without a more complete record developed at an evidentiary hearing it could not be determined whether Buckner knew of this possible defense. Thus, general questions about satisfaction with trial counsel could not refute the Rule 24.035 allegations because the information about counsel's claimed failure was not, at least as the record showed, in the defendant's possession. The situation here is quite different. Morrison by his own allegation knew that trial counsel had not contacted the co-defendants or asked that hair samples be tested. Counsel's alleged failures were, thus, known to him at the time of the guilty plea. He was given several opportunities to raise any questions about counsel's performance yet repeatedly expressed satisfaction to the trial court and denied that he had been coerced to plead guilty.

In *Royston*, the appellant alleged that a failure to investigate and prepare for trial affected the voluntariness of his plea. Although the questions asked of Royston were similar to those addressed to Buckner, Royston's answers were quite different. Royston equivocated or limited his answers about satisfaction with his representation.[1] As this court observed, he even equivocated about the elements of the crime. *Royston*, 948 S.W.2d at 457. The guilty plea transcript here demonstrates no such uncertainty. Morrison knew about the lack of preparation of which he now complains. Yet he clearly and unequivocally swore that he was satisfied with counsel, had no complaints, had not been coerced, and was pleading guilty vol-

untarily. Both *Buckner* and *Royston* are distinguishable.

The judgment of the motion court is therefore affirmed.

ROBERT G. ULRICH, Judge, and LISA WHITE HARDWICK, Judge, concur.

---

1. When asked if counsel had done everything asked he stated, "Well, I guess to the best of his ability." When asked if he was satisfied with his representation Royston answered, "Well, he said he got me the best plea I could get, so I guess so." When asked whether his plea was voluntary, he answered "Not really." *Royston*, 948 S.W.2d at 456–57.