**Billy Gene HADDOCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60434.**

Missouri Court of Appeals,
Western District.

May 28, 2002.

Amy M. Bartholow, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Billy Gene Haddock appeals from an order of the circuit court denying, without an evidentiary hearing, his Rule 29.15 [1]

1. All rule references are to the Missouri Rules of Criminal Procedure (2001), unless other-

motion for post-conviction relief. The appellant was convicted, after a bench trial, in the Circuit Court of Jackson County of one count of voluntary manslaughter, § 565.023,[2] for which he was sentenced to fifteen years in the Missouri Department of Corrections (DOC).

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, without an evidentiary hearing, because he alleged facts, not conclusions, which were not refuted by the record, and which, if true, would establish that he received ineffective assistance of counsel in that a reasonably competent attorney, in the same or similar circumstances, would have "argue[d] a theory of involuntary manslaughter to the trial court," which his trial counsel failed to do.

We affirm.

### Facts

Shortly after midnight on December 28, 1997, police officers were dispatched to the appellant's home in Independence, Missouri, in response to a domestic violence call. When the officers arrived, they found the appellant outside the house and his wife, Melinda, lying on her back inside the doorway. She was not breathing, and the officers could not find a pulse. An autopsy would later reveal that the cause of death was strangulation.

The appellant was arrested and charged with one count of murder in the second degree, § 565.021. He waived his right to a jury trial and, on November 9, 1998, proceeded to a bench trial in the Circuit Court of Jackson County. A forensic pathologist testified at the trial that the death by strangulation had occurred after a very violent struggle; that the victim's injuries suggested that the strangulation went on

for a period of time; and that as she was strangled, she was impacted into the floor or possibly a wall.

The appellant testified in his own defense at trial. He described marital problems, testifying that his wife had had an extramarital affair with one of their neighbors. He also testified that his wife had tried to kill herself on two different occasions, that she abused alcohol and methamphetamines, and that she was under psychiatric care. The appellant stated that on the night that he killed his wife, the two had been drinking vodka. They argued about various matters and, according to the appellant's testimony, the next thing he recalled was being on top of his wife, straddling her on the floor in the hallway. He stated that, when he became aware of his surroundings and saw his wife, he slapped her in the face.

The appellant and his wife continued to argue and, at about 11:30 p.m., she stated that she was leaving to make a call to get counseling. The appellant followed her to the door. He claimed that she tripped as she went out the front door, which caused him to grab her shirt and pull her back into the house. However, a neighbor who lived across the street and who was on his porch at the time testified that he heard "a lady screaming profusely for help." The neighbor saw the victim emerge from the front door of her house and get pulled back in and, as she tried to stand up, he heard her say, "God help me." The door was then slammed shut.

The appellant testified that, after closing the door, he again straddled his wife on the floor. According to the appellant, his wife began to tell him repeatedly that she was still having an affair with the neigh-

wise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

bor, and that the baby she was carrying was not the appellant's. He said that to stop her from saying those things, he began choking her, and he continued to choke her until she was quiet and no longer resisting. He contended that he never intended to kill her, but only to stop her from talking.

At the close of the evidence, the appellant's attorney argued that the evidence supported only a conviction of voluntary manslaughter, while the State argued that the evidence supported a conviction of second-degree murder. The trial court, acting as the finder-of-fact, found the appellant guilty of voluntary manslaughter and sentenced him to fifteen years in the Missouri DOC.

The appellant filed a direct appeal, which was denied by this court in *State v. Haddock*, 24 S.W.3d 192 (Mo.App.2000). After the appellant filed a Rule 29.15 motion for post-conviction relief, counsel was appointed and filed an amended motion, which alleged, *inter alia*, that the appellant's trial counsel was ineffective for failing to argue that he should be found guilty of the lesser-included offense of involuntary manslaughter. The motion court, without an evidentiary hearing, overruled the appellant's motion, making the following finding in denying the appellant's claim of ineffective assistance of counsel:

> An allegation that defense counsel gave an ineffective closing argument is a matter of trial strategy; issues regarding sound trial strategy do not provide a basis for post-conviction relief. *State v. Hamilton*, 791 S.W.2d 789, 797 (Mo.App. 1990). Furthermore, in making this claim Movant overlooks the fact that his case was not a jury trial but a trial to the Court. If the Court had believed that the evidence supported a finding of guilt of involuntary manslaughter, nothing would have precluded the Court

from finding Movant guilty of involuntary manslaughter. Trial judges are presumed to know the law and to apply it in making their decisions. *State v. Feltrop*, 803 S.W.2d 1, 15 (Mo. *banc* 1991). Therefore Movant cannot claim that defense counsel's argument in this regard prejudiced his defense.

This appeal followed.

## Standard of Review

■ Appellate review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the court's findings and conclusions issued in support thereof, as required by Rule 29.15(j), are clearly erroneous. Rule 29.15(k); *State v. Clay*, 975 S.W.2d 121, 140 (Mo. *banc* 1998). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Clay*, 975 S.W.2d at 140.

## I.

The appellant claims that the motion court erred in denying his Rule 29.15 motion, without an evidentiary hearing, because he alleged facts, not conclusions, which were not refuted by the record, and which, if true, would establish that he received ineffective assistance of counsel in that a reasonably competent attorney, in the same or similar circumstances, would have "argue[d] a theory of involuntary manslaughter to the trial court," which his trial counsel failed to do. Specifically, he claims that the evidence at trial supported his conviction on the lesser-included offense of involuntary manslaughter, based on a finding of reckless homicide, such that if the lesser-included offense had been argued by counsel to the trial court, there was a reasonable probability that he would have been convicted of involuntary man-

slaughter, rather than voluntary manslaughter.

■ In order to prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) the movant was prejudiced as a result. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. *banc* 1997). If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail. *Id.* To satisfy the performance prong, the movant must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment. *Id.* To satisfy the prejudice prong, a movant must show a reasonable probability that, but for counsel's alleged deficiencies, the result of the proceeding would have been different. *Id.*

■ If the motion court determines that the motions, files, and records of the case conclusively show that the movant is not entitled to the relief requested in the movant's motion for post-conviction relief, a hearing will not be held thereon. *State v. Driver*, 912 S.W.2d 52, 55 (Mo. *banc* 1995). Thus, to be entitled to an evidentiary hearing on a motion for post-conviction relief: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Id.* Given this standard, to be entitled to an evidentiary hearing on his claim, the appellant was required to have alleged in his motion, facts, not conclusions, which were not refuted by the record and demonstrated that his trial counsel, exercising the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances, should have argued for conviction on the lesser-included offense of involuntary manslaughter; and that if he had, that there was a reasonable probability that the appellant would have been found not guilty of second-degree murder and voluntary manslaughter and convicted of involuntary manslaughter.

■ In his brief, the appellant asserts in support of his claim of ineffective assistance of counsel:

While it is true that a trial judge is presumed to know the law, it does not follow that the judge is presumed to consider law that is never brought to his attention or offered for his consideration. In other words, the trial judge obviously knew that involuntary manslaughter was a crime in the criminal code and the elements of that crime, but there was no reason for him to consider it, or apply it in making his decision in this case.

While the appellant concedes that the trial court is presumed to know the law, he contends it cannot be presumed that without a reminder from trial counsel that the court will consider and apply the law in a case. In other words, he is contending that trial counsel has a professional duty to remind a trial court, in a judge-tried case, of what law it is to consider and apply in the case.

■ In support of his contention that trial counsel has a duty to "bring to the attention" of the trial court in a judge-tried case the applicable law it is to consider,

the appellant makes an analogy to a jury-tried case where counsel fails to request the trial court to instruct on a lesser-included offense. As the appellant points out, a trial court will not be convicted of error for failing to instruct a jury on a lesser-included offense, unless there is an "express request" by defense counsel that the instruction be given. *State v. Robinson*, 44 S.W.3d 870, 872 (Mo.App.2001). He argues that this reflects the fact that there is no "expectation" that the trial court would consider or apply the law in the case without a reminder from trial counsel. From this, he then contends: "Likewise, there is no expectation that the trial court, sitting as the fact-finder, would consider, *sua sponte*, a theory of a lesser-included offense that is not brought to his attention." In so contending, the appellant confuses the rationale for not requiring the trial court to give a lesser-included offense instruction, unless requested by trial counsel, which has nothing to do with the need to "remind" the court to consider and apply the law. To require the trial court to give, *sua sponte*, a lesser-included offense instruction to the jury would infringe on the trial strategy of defense counsel. *State v. Dexter*, 954 S.W.2d 332, 344 (Mo. banc 1997). Obviously, there are cases where defense counsel would not want the lesser-included offense instruction to be given. Hence, to prevent the trial court from interfering with the trial strategy of counsel, the rule is that the court is not to give the instruction, unless requested by counsel.

▪ Contrary to the assertions of the appellant, the trial court here is presumed to have not only known the law, but followed it in convicting him of voluntary manslaughter, including whether the record supported his conviction on the lesser-included offense of involuntary manslaughter. *State v. Roll*, 942 S.W.2d 370, 374

(Mo. banc 1997); *State v. Feltrop*, 803 S.W.2d 1, 16 (Mo. banc 1991). As the Missouri Supreme Court stated in *Roll:* "This Court presumes that the trial judge knew and *followed* the law." *Id.* at 374 (emphasis added). The appellant alleges nothing in his motion nor points us on appeal to anything in the record that would rebut the presumption that the trial court here knew and applied the law in convicting him. Hence, like the motion court, we cannot conclude that even if the allegations of the appellant's motion are taken as true, the outcome of the appellant's trial would have been any different if counsel would have argued for conviction on the lesser-included offense of involuntary manslaughter. As such, the motion court's finding that the record conclusively refuted the appellant's claim of ineffective assistance of counsel is not clearly erroneous such that the motion court did not err in denying the appellant's motion, without an evidentiary hearing.

Point denied.

## Conclusion

The order of the motion court denying the appellant's Rule 29.15 motion for post-conviction relief, without an evidentiary hearing, is affirmed.

ELLIS, P.J., and HOWARD, J., concur.