Christopher MELTON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 90289.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 26, 2008.

Jo Ann Rotermund, St. Louis, MO, for appellant.

Shaun Mackelprang, Richard Starnes, co-counsel, Jefferson City, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Christopher Melton ("Movant") appeals from a judgment in the Circuit Court of St. Louis County denying his 24.035[1] motion for post-conviction relief without an evidentiary hearing. We remand.

### Factual and Procedural Background

Movant was charged with one count of the Class A felony of second-degree drug trafficking in violation of Section 195.223[2] and two counts of the class D felony of possessing ephedrine with intent to manufacture methamphetamine in violation of Section 195.246. In the information, the two possession counts were charged as follows:

---

1. All rule references are to Mo. Rules Crim. Pro. 2000.

2. All statutory references are to RSMo. 2000.

Count: 02 Poss of Meth Precursor Drug/Int to Manuf—D Felony

That Christopher J. Melton and Tiffany L. Shallow, acting together, in violation of Section 195.246 RSMo, committed the Class D Felony of possession of methamphetamine precursor drug with intent to manufacture amphetamine, methamphetamine or their analogs, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about Tuesday, May 4, 2004, at approximately 8:50 P.M., at 6121 North Lindbergh, in the County of St. Louis, State of Missouri, Christopher J. Melton and Tiffany L Shallow, acting together, with intent to manufacture methamphetamine, knowingly possessed any drug containing pseudoephedrine.

Count: 03 Poss of Meth Precursor Drug/Int to Manuf—D Felony

That Christopher J. Melton, in violation of Section 195.246 RSMo, committed the Class D Felony of possession of methamphetamine precursor drug with intent to manufacture amphetamine, methamphetamine or their analogs, punishable upon conviction under Sections 558.011 and 560.011, RSMo, in that on or about Tuesday, May 4, 2004, at approximately 8:45 P.M., at 6121 North Lindbergh, in the County of St. Louis, State of Missouri, the defendant, with intent to manufacture methamphetamine, knowingly possessed any drug containing pseudoephedrine.

At the guilty plea hearing, the factual basis of the charges was established as follows: As to Count 2, the State said that it would show that Movant and Tiffany L. Shallow, acting together, "with intent to manufacture methamphetamine, knowingly possessed any drug containing pseudoephedrine." As to Count 3, the State said it would show that the Defendant, "with intent to manufacture methamphet-amine, knowingly possessed any drug containing pseudoephedrine." The court then asked Movant if "this is what [he is] pleading guilty to" and if he "accept[ed] responsibility." Movant answered in the affirmative to both questions.

Movant then pleaded guilty to all charges. In accordance with a plea agreement, Movant was sentenced to ten years for the count of trafficking and four years each on the possession counts, to run concurrently.

Movant filed a *pro se* motion to set aside, vacate or correct the judgment on September 20, 2006. Counsel was appointed, and counsel filed an amended motion.

In his amended motion, Movant argued, *inter alia*, that Counts II and III for possession of methamphetamine violated the constitutional prohibition against double jeopardy. He argued that the two charges were part of a continuing course of conduct, and there should be only one punishment for that conduct. He also alleged that plea counsel was ineffective for advising him that if he took his case to trial he would be unable to present the defense of constructive possession. He further alleged that plea counsel was ineffective for failing to tell him that, even if the trial court had excluded the evidence, he could challenge this decision on appeal.

Defendant requested an evidentiary hearing on all counts, but withdrew his request for an evidentiary hearing with regard to the double jeopardy count. The trial court considered his motion and denied it on August 10, 2007. With regard to Movant's double jeopardy claim, the motion court found that Movant withdrew his request for an evidentiary hearing, but made no further findings on the claim. In response to Movant's claim that plea counsel was ineffective, the court found that Movant's claim was not cognizable in a Rule 24.035 motion. The court further

found that Movant pleaded conclusions, not facts, and failed to show how he was prejudiced.

Movant appealed.

### Standard of Review

 Our review of the motion court's denial of post-conviction relief pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Morales v. State*, 104 S.W.3d 432, 434 (Mo.App. E.D.2003). Findings and conclusions are clearly erroneous if, upon review of the record, we are left with the firm impression that a mistake has been made. *Id.* Movant carries the burden of proving, by a preponderance of evidence, the motion court clearly erred. Rule 24.035(k); *Id.*

### Discussion

 In his first point on appeal, Movant argues that the motion court clearly erred in denying his Rule 24.035 motion because double jeopardy barred Mr. Melton's conviction on Count III because Count II and Count III were part of a continuing course of conduct.

 Generally in Missouri, a plea of guilty waives all non-jurisdictional defects and defenses. *Hagan v. State*, 836 S.W.2d 459, 461 (Mo.1992); *disagreed with on other grounds by State v. Heslop*, 842 S.W.2d 72 (Mo. banc 1992). However, the right to be free from double jeopardy is a constitutional right that goes to the very power of the State to bring the defendant in the court to answer the charge brought against him. *Id.* Thus, "a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sen-

tencing court had no power to enter the conviction or impose the sentence." *Id.* The record that a reviewing court may consider in determining whether a claim of a double jeopardy violation can be considered consists solely of the State's information and the transcript of the Movant's guilty plea. *Id.* See also, *Yates v. State*, 158 S.W.3d 798, 801 (Mo.App. E.D.2005).

Thus, it appears that Movant correctly withdrew his request for an evidentiary hearing on this allegation, as the motion court would have been precluded from considering evidence put forth at the hearing. In its findings of facts, the motion court noted that Movant withdrew his request for an evidentiary hearing, but failed to enter any other findings or conclusions on this issue.

 Under Rule 24.035(j) a trial court must issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the only issue is one of law, the motion court is only required to make conclusions of law, and no findings of fact are necessary. *Miller v. State*, 974 S.W.2d 659, 662 (Mo.App. S.D. 1998). Double jeopardy is an issue of law, so no findings of fact were necessary. See *Id.*

 Even though the court was not required to make findings of fact, it was required to make conclusions of law. *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D.1999).[3] There are several other exceptions to the rule that the motion court must enter findings of fact and conclusions of law, but we find none of them applicable. First, an appellate court will not remand for conclusions of law "on an isolated issue overlooked by the motion court where it is clear that movant is entitled to

---

**3.** Although *Miller* and *Crews* were decided under rule 29.15(j), we may rely on those cases in interpreting this Rule 24.035 case.

See *Mitchell v. State*, 192 S.W.3d 507, 509 (Mo.App. E.D.2006).

no relief as a matter of law." *Crews*, 7 S.W.3d at 568. Movant was charged and sentenced for two counts of possession of methamphetamine under the same statute. It appears from the record that the same evidence was used to convict Movant on both counts. There is nothing in the record establishing that the State was charging him with possession of two separate portions of methamphetamine. So, upon cursory examination, it appears that Movant was charged twice for possessing the same methamphetamine, in the same place and at the same time.[4] See *State v. Cunningham*, 193 S.W.3d 774, 782 (Mo.App. S.D.2006) ("Appellant did not possess cocaine at distinct times and in different places. He was found with all of the cocaine together, in a large baggie, in one place-his pocket-and at one time-in the house.") Thus, it is not "clear" that Movant is not entitled to relief.

■ Next, findings of fact and conclusions of law are not required on an allegation if the motion court grants a hearing on the motion and the movant fails to present substantial evidence to support the allegation. *Crews*, 7 S.W.3d at 568. In a claim of violation of the protection against double jeopardy, the court may only consider Movant's motion and the transcript from the plea hearing, so no evidentiary hearing is necessary. See *Hagan*, 836 S.W.2d at 461. Because there was no hearing, this exception does not apply.

■ In another exception, findings and conclusions are not required upon issues which were not properly raised or are not cognizable in a post-conviction motion. *Crews*, 7 S.W.3d at 568. As we stated above, a guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. *Hagan*, 836 S.W.2d at 461. So, this exception does not apply. Finally, when the motion itself is insufficient, we do not have to reverse for failure to enter findings of fact and conclusions of law. *Crews*, 7 S.W.3d at 568. Here, the pleaded allegations were sufficient.

Because none of the exceptions apply, the court was required to enter conclusions of law on Movant's double jeopardy claim. In its "conclusions of law" section, the motion court made several general conclusions of law referring to Movant's claims of ineffective assistance of counsel. However, the motion court made no conclusions specifically directed to Movant's double jeopardy claims.

■ While the motion court is not required to itemize findings of fact and conclusions of law, the findings and conclusions must be sufficient to provide meaningful appellate review. *Crews*, 7 S.W.3d at 567. "The absence of findings or conclusions giving the basis of the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review." *Id.* Findings and conclusions cannot be supplied by implication from the trial court's ruling. *Id.* Here, the generalized conclusions are insufficient to provide meaningful appellate review. Thus, we must reverse and remand to the motion court for failure to enter sufficient conclusions of law on Movant's double jeopardy claim.

■ In Movant's second point, he argues that the motion court clearly erred in

---

4. The State argues that a five minute difference between the two counts and the presence of another person make the possession counts separate offences. We cannot directly address the merits of this argument in this appeal, but we do find that it is not "clear that movant is entitled to no relief as a matter of law" for purposes of this exception.

denying his Rule 24.035 motion without an evidentiary hearing because he pleaded that he was under the mistaken belief that if he exercised his right to a jury trial that he would be unable to present a defense that he did not possess the drugs. He argues that he would not have pleaded guilty had he been informed that he had a potential defense of lack of constructive possession. He also argues, in this same point, that his plea counsel failed to advise him that if he pursued the case and lost, he had a right to appeal following trial.

The motion court denied his request for an evidentiary hearing and found, *inter alia*, that Movant pleaded conclusions, not facts, and failed to show how he was prejudiced or how the claim affected the voluntariness of the plea. The motion court is not obligated to hold an evidentiary hearing on a motion for post-conviction relief unless: (1) Movant alleged facts, rather than conclusions, warranting relief; (2) the facts alleged raise matters not conclusively refuted by the files and record; and (3) the matters complained of resulted in prejudice to Movant. *Haddock v. State*, 75 S.W.3d 872, 876 (Mo.App. W.D. 2002). See also, *Morales*, 104 S.W.3d at 434. Movant must establish each prong of this three prong test. *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App. W.D. 2001).

Respondent argues, and we agree, that Movant failed to allege facts, rather than conclusions, warranting relief. Movant cites *Buckner* in support of his argument. *Buckner v. State*, 995 S.W.2d 47 (Mo.App. W.D.1999). In *Buckner*, the movant alleged facts that, if true, clearly showed he was entitled to a meritorious defense because the officers stopped him without probable cause. 995 S.W.2d at 48. He further alleged that his plea counsel failed to advise him of that defense or file a motion to suppress the evidence that was recovered as a result of the unlawful stop. *Id.* The motion court denied his motion without an evidentiary hearing, but the appellate court reversed for an evidentiary hearing, finding that the general questions asked at the plea hearing did not refute the movant's allegations. *Id.* at 50.

Apart from identifying it as a "constructive possession" defense, Movant has alleged no facts about his potential defense. He also failed to allege what evidence he would have introduced about this defense at his evidentiary hearing. Thus, his allegations do not show that the "constructive possession" defense was applicable or admissible at trial, let alone potentially meritorious. Therefore, he has not alleged facts warranting relief and was not entitled to an evidentiary hearing. See *Haddock*, 75 S.W.3d at 876. Point denied.

### Conclusion

The motion court erred in failing to make conclusions of law regarding Movant's double jeopardy claim. The motion court did not clearly err in denying Movant's claim of ineffective assistance of counsel without an evidentiary hearing. Affirmed in part, reversed and remanded in part.

PATRICIA L. COHEN, C.J., and LAWRENCE E. MOONEY, J., concur.